# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GENERAL CIGAR CO., INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>COHIBA CARIBBEAN'S FINEST INC., a Nevada Corporation, DATA COMMODITIES LTD., a Bahamian Corporation, RECIGARS.COM, INC. a/k/a r&e cigars, a Tennessee sole proprietorship, PETER GNECCO, RICHARD W. HILLS, JR., RAMSAY ELIAS PEREZ and TRACY KEYS,<br><br>Defendants. | 2:06-CV-575-BES-GWF<br><br>**ORDER** |

Currently before this Court is Plaintiff General Cigar Co., Inc.'s Ex Parte Request for Issuance of Order to Show Cause and Other Relief ("Ex Parte Request" (#3)) and Motion for Preliminary Injunction And For An Order to Show Cause, Establishing an Expedited Briefing and Hearing Schedule, and Requiring Preservation of Business Records and Other Potential Evidence ("Motion for Preliminary Injunction (#5)). The relief requested in the Ex Parte Request is couched in terms of a temporary restraining order. As such, the Court will treat the Ex Parte Request as a Motion for a Temporary Restraining Order.

Under Federal Rule of Civil Procedure 65(b), a district court may grant a temporary restraining order ex parte if the following requirements are met:

1

(1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. FED. R. CIV. P. 65(b).

The stringent requirements of Rule 65(b) recognize that "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438–39 (1974). Because of this underlying jurisprudential policy, "[r]estraining order applications sought ex parte require the court to serve as the absent party's advocate, triggering intense judicial scrutiny of [the moving party's] claims, the relief it seeks, and most importantly, its proffered justification for proceeding ex parte." Adobe Sys., Inc. v. South Sun Prods., Inc., 187 F.R.D. 636, 639 (S.D. Cal. 1999). Applying these principles, the Court finds that Plaintiff has failed to meet the requirements of Rule 65(b).

IT IS THEREFORE ORDERED that Plaintiff's Ex Parte Request for Issuance of Order to Show Cause and Other Relief (#3) is DENIED.

IT IS FURTHER ORDERED that Defendants shall file and serve their opposition to Plaintiff's Motion for Preliminary Injunction, if any, on or before May 17, 2006. Plaintiff shall file and serve its reply brief, if any, on or before May 22, 2006. The Court's Deputy will contact the parties to schedule a hearing on this matter.

IT IS SO ORDERED.

DATED: This 11th day of May, 2006.

_____
UNITED STATES DISTRICT JUDGE

2