# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GENERAL CIGAR CO., INC., | Case No. 2:06-cv-00575-BES-GWF |
| Plaintiff, | **ORDER** |
| vs. | **(Plaintiff's Motion to Compel Discovery Responses From Defendants Cohiba Caribbean's Finest Inc. and Data Commodities Ltd. - #141)** |
| COHIBA CARIBBEAN'S FINEST, INC., et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Compel Discovery Responses From Defendants Cohiba Caribbean's Finest Inc. and Data Commodities Ltd. (#141), filed February 21, 2007; Defendants' Response to Motion to Compel (#145), filed on March 12, 2007; and Plaintiff's Reply in Support of Its Motion to Compel Discovery Responses From Defendants Cohiba Caribbean's Finest Inc. and Data Commodities Ltd. (#150), filed on March 23, 2007.  The Court conducted a hearing on this matter on March 29, 2007.

## BACKGROUND

Plaintiff General Cigar Co., Inc. has sued Defendants Cohiba Caribbean's Finest Inc. and Data Commodities Ltd., and other defendants for federal trademark infringement and related claims concerning their alleged unlawful marketing, distribution and sale of counterfeit cigars and rum that use Plaintiff's federally registered COHIBA® word mark without the authorization or permission of the Plaintiff.  The Court entered a preliminary injunction in Plaintiff's favor on June 2, 2006. *Order (#55)*. Although Defendants dispute the validity of Plaintiff's COHIBA® word mark, the Court's preliminary

injunction order states that Plaintiff is likely to succeed on the merits of its trademark infringement claims.[1]

The discovery requests at issue relate to Plaintiff's request for information and documents regarding Defendants' purchase of allegedly infringing products from suppliers, and the sale of those products to customers, and the income or profits Defendants have derived from those activities. Plaintiff served requests for production of documents on Defendants on August 11, 2006. Plaintiff granted Defendants' requests for extension of time to respond to the document requests, and Defendants served their responses to requests for production on October 2, 2006 which included 324 pages of business records. Defendants supplemented their responses with an additional 25 pages of documents on October 25, 2006. Plaintiff served interrogatories on Defendants on September 26, 2006 and Defendants served their answers to interrogatories on October 26, 2006. Defendants did not assert any objections in either of their responses to requests for production or their answers to interrogatories.

Plaintiff took the Rule 30(b)(6) deposition of Defendants' custodian of records on November 21, 2006 to determine if Defendants have relevant documents beyond those produced and to determine the type of business records kept by Defendants. Defendants' CEO, Phillip Restifo, testified on behalf of Defendants at the deposition. The deposition transcript is attached to Plaintiff's Motion to Compel (#141), *Exhibit "A"* and has been read by the Court. Mr. Restifo described Defendants' business as essentially a small, family run operation that imports and distributes cigars and rum products, some of which were sold under the name "Cohiba Caribbean's Finest." Mr. Restifo testified that Defendants' business is conducted primarily in a paper format and that he and Defendants' other employees

---

[1] The history regarding Plaintiff's registration and use of the COHIBA® word mark is set forth in *Empresa Cubana Del Tabaco v. Cubro Corporation*, 399 F.3d 462 (2d Cir. 2005), *cert. denied,* 126 S.Ct. 2887 (2006). According to that decision, Plaintiff first registered the COHIBA mark in the United States in 1981 and sold COHIBA cigars in the United States from 1978 until 1987. In 1992 Plaintiff reintroduced a COHIBA cigar after the Cuban COHIBA cigar gained a reputation as a highly rated cigar. Plaintiff again obtained United States registration of the COHIBA name in 1995 and launched a new COHIBA cigar in 1997. Plaintiff and the Cuban owner of the COHIBA name were thereafter engaged in litigation from 1997 to 2006 regarding the right to use the COHIBA name in the United States. Although the district court ruled in favor of the Cuban owner and cancelled Plaintiff's registration, the Second Circuit reversed and held that the Cuban company was barred from bringing its action in the United States under the Cuban Embargo Act of 1963.

generally communicate with suppliers and customers by telephone or in-person contact. He testified that Defendants make little or no use of computers for document record keeping or for communicating by email with product suppliers or Defendants' customers. Mr. Restifo testified that Defendants do not have any formalized records retention policy. He testified that, other than taxation records, Defendants generally do not retain paper business records beyond the time that the records are needed for business purposes. Mr. Restifo testified that he does not retain email records on the two personal computers that he uses in the business beyond the period when they are automatically deleted by the computer programs.

Mr. Restifo testified that Defendants do not maintain any internal records, such as spreadsheets, that keep track of or distinguish the cigar and rum products sold under the Cohiba name from other cigar and rum products sold under different names or brands. Defendants point out in their Response to the Motion to Compel (#145) that, although they sold cigar and rum products under the name "Cohiba Caribbean's Finest" since approximately 1997, Plaintiff did not assert its trademark infringement claims or place Defendants on notice of the alleged infringement until 2006, and therefore Defendants were not aware of the need to maintain or keep track of records regarding their sale of COHIBA brand products other than for ordinary business purposes.

In response to Defendants' questions regarding various types of records, such as licensing agreements and taxation records, Mr. Restifo testified that Defendants probably had some additional records or that they may exist. As to additional records that Defendants have or may have, Plaintiff's counsel requested during the deposition that Defendants supplement their records production and produce those records. Following the November 21, 2006 deposition, Plaintiff's counsel sent follow-up letters on January 9 and 12, 2007 to Defendants' counsel and also engaged in telephone calls with Defendants' counsel on January 10 and February 7, 2007, for purposes of obtaining the supplemental production of documents that Defendants were asked to provide during the Rule 30(b)(6) deposition. *Plaintiff's Motion (#141), Exhibits "B"* and *"I;* and affidavit of Plaintiff's counsel Owen J. McKeon. Having received no supplemental production of documents, Plaintiff filed its motion to compel on February 21, 2007.

. . .

1    After Plaintiff filed its motion, Defendants produced an additional 210 pages of documents to
2 Plaintiff on February 28, 2007.  The content of these additionally produced records have not been
3 described to the Court.  At the hearing in this matter, Defendants' counsel informed the Court that there
4 are additional records in Defendants' possession that may contain relevant information and Defendants'
5 counsel needs to review these records with his client to determine if further supplemental production
6 should be made.

## DISCUSSION

8    Plaintiff's motion seeks to compel Defendants to provide responsive answers to interrogatories
9 and responses to request for production of documents so that Plaintiff can determine the income and
10 profits that Defendants have derived from the sale of cigars and rum that allegedly infringe on
11 Plaintiff's COHIBA trademark.   The relevancy of Plaintiff's discovery requests are not at issue.  Nor
12 have Defendants objected to Plaintiff's interrogatories or document requests.  As a general rule, the
13 failure to make timely objection to a discovery request waives the objection.  *Richmark Corp. v. Timber*
14 *Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *Safeco Ins. Co. v. Rawstrom*, 183 F.R.D. 668
15 (C.D. Cal. 1998).  *Safeco* held that defendant waived its relevancy and burdensomeness objections by
16 not asserting them in a timely response to the discovery requests.  The court noted that the requirement
17 that timely objections be made is consistent with the general philosophy of the discovery rules, namely
18 to facilitate the swift and efficient disclosure of all information relevant to the subject matter of the
19 case.  The court therefore held that defendant could not validly assert relevancy and burdensomeness
20 objections in a supplemental discovery response where he failed to assert those objections in his initial
21 responses.

22    Answers to interrogatories must be responsive, full, complete and unevasive.  The answering
23 party cannot limit his answers to matters within his own knowledge and ignore information
24 immediately available to him or under his control.  The answering party is required to give information
25 available to him, including information available to his agents or representatives whether personally
26 known to the answering party or not.  If the answering party lacks necessary information to make a full,
27 fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail
28 the efforts made to obtain the information.  *Essex Builders Group, Inc. v. Amerisure Ins. Co.,* 230

1  F.R.D. 682 685 (M.D.Flor. 2005), *citing Continental Illinois Nat'l Bank & Trust Co. v. Caton*, 136

2  F.R.D. 682, 684 (D.Kans. 1991); *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 140 (W.D.Okla. 1977).

3  *See also A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (D.C.D. Cal. 2006), holding that

4  a party has a duty to make reasonable inquiry into the factual basis of his responses to discovery.

5       In this case, the interrogatories to which Plaintiff seeks further responses, require Defendants to

6  compile specific information regarding the volume and amount of each purchase and sale of allegedly

7  infringing products and related materials from 1995 to the present.  *See* Interrogatory Nos. 4, 6 and 8.

8  These interrogatories could be viewed as unduly burdensome, given that Defendants apparently do not

9  maintain such records in the ordinary course of their business.  In this regard, Wright, Miller & Marcus,

10 *Federal Practice and Procedure; Civil 2d*, § 2174 states:

> As a general rule a party in answering interrogatories must furnish information that is available to it and that can be given without undue burden and expense.  But a party cannot ordinarily be forced to prepare its opponent's case.  Consequently, interrogatories that require a party to make extensive investigations, research or compilation or evaluation of data for the opposing party are in many circumstances improper.

15    In such circumstances, the answering party may comply with the interrogatory by making its

16 business records available for inspection and compilation by the requesting party pursuant to the

17 procedure set forth in Fed.R.Civ.Pro. 33(d).   Defendants, however, did not timely object to Plaintiff's

18 interrogatories or requests for production.  Nor do they even directly address the issue of

19 burdensomeness in their Response (#145) to Plaintiff's Motion.  Under these circumstances, the issue

20 is simply whether Defendants' answers are inadequate and whether they can provide fully responsive

21 answers or produce additional documents based on the information and documents available to them.

22     **A.**    **PLAINTIFF'S MOTION TO COMPEL RESPONSIVE ANSWERS TO INTERROGATORIES.**

24     Plaintiff seeks to compel Defendants to provide responsive answers to Interrogatory Nos. 2, 4, 6

25 and 8. Plaintiff's Interrogatories and Defendants' responses are summarized as follows:

26     **(1)**    **Defendants' Response to Interrogatory No. 2.**

27     Interrogatory No. 2 asked Defendants to provide the volume in sales (in dollars and units sold)

28 for each product identified in answer to Interrogatory No. 1 for each year from 1995 to the present.

5

1  (Interrogatory No. 1 asked Defendants to identify all (types of) products sold by Defendants bearing the
2  word COHIBA.  In response to this interrogatory, Defendants identified certain types of rum and
3  cigars.)
4        In response to Interrogatory No. 2, Defendants stated that they began importing and exporting
5  COHIBA brand cigars and rum in 1997.  Defendants stated that they do not have a breakdown for the
6  quantity of COHIBA brand cigars and rum sold each year.  Defendants state that their total sales for all
7  cigar products sold was approximately $3,000 per month and that total liquor product sales were
8  approximately $25,000 per month.
9        **(2)    Defendants' Response to Interrogatory No. 4.**
10       Interrogatory No. 4 asks Defendants to identify all persons or entities to which they sold
11 COHIBA Caribbean's Finest Products and describe the products sold, the volume of sales (in dollars
12 and units) and the dates when the sales were made.
13       In response, Defendants refer Plaintiff to their answer to Interrogatory No. 3 in which they
14 listed the persons or entities that they engaged to sell or market COHIBA Caribbean's Finest Products.
15 Defendants further state that they believe COHIBA Caribbean's Finest cigars were only sold to
16 Aardvark Beverage , LLC and Deluca Liquor and Wine.  As to the quantity of products sold,
17 Defendants referred Plaintiff to their answer to Interrogatory No. 2, which, as discussed above, provided
18 only an estimate of Defendants' monthly sales of cigar and rum products.  Defendants, however, have
19 not provided specific information responsive to this interrogatory.
20       **(3)    Defendants' Response to Interrogatory No. 6.**
21       Interrogatory No. 6 asks, for each source identified in response to Interrogatory No. 5, that
22 Defendants identify the product and materials provided, the volume (in dollars and units) and the dates
23 when the product or materials were provided.  (Interrogatory No. 5 asked Defendants to identify their
24 source for the cigar and rum products bearing the COHIBA name identified in their answer to
25 Interrogatory No. 1.)
26       In response to Interrogatory No. 6, Defendants simply referred Plaintiff to their Answer to
27 Interrogatory No. 2 which does not provide the information requested in Interrogatory No. 6.
28 . . .

**(4)   Defendants' Response to Interrogatory No. 8.**

Interrogatory No. 8 asks, for each person or entity identified in response to Interrogatory No. 7, that Plaintiff identify the materials or packaging provided, the volume (in dollars and units) and the dates when the materials or packaging were provided.  (Interrogatory No.7 asked Defendants to identify each person or entity that provided Defendants with printed labels, marketing materials or packaging used to distribute and package COHIBA Caribbean's Finest Products.  In response to this Interrogatory, Defendants identified several different entities.)

In response to Interrogatory No. 8, Defendants refer Plaintiff to its answers to Interrogatory Nos. 5 and 6.  As Plaintiff argues in its Motion, Interrogatories 5 and 6 and Defendants' answers thereto, do not refer to the information sought in Interrogatory No.8 and therefore Defendants' answer to Interrogatory No. 8 is not responsive regarding the information sought in that interrogatory.

As discussed above, these interrogatories require Defendants to compile information from their business records which Mr. Restifo's testimony indicates Defendants have not otherwise compiled as part of their ordinary business practices.  Again, however, Defendants did not object to these discovery requests or even address this issue in their Response (#145).  Nor did Defendants follow the procedures set forth in Rule 33(d) to specify where the information is located in their business records and make those records available for inspection by Plaintiff so that it could ascertain or derive the information based on an inspection or audit of the records.

In regard to Defendants' answer to Interrogatory No. 2, Plaintiff argues that it is highly unlikely that the sales of rum and cigars each month would have been identical.  Plaintiff also argues that Defendants' answer is not responsive because Mr. Restifo's deposition testimony indicates that Defendants possess business records that would permit Defendants to provide a more precise calculation of sales by year.  Plaintiff therefore argues that Defendants did not make a reasonable inquiry in order to provide a factually based answer to Interrogatory No. 2.

It appears that Defendants' answer to Interrogatory No. 2 is probably no more than a very rough, and therefore unreliable, estimate of their monthly sales revenue for cigar and rum products. Defendants state in their answer, and Mr. Restifo more clearly testified on November 21, 2006, however, that Defendants do not maintain specific records which would show their sales of Cohiba

brand cigar and rum products on a yearly basis from 1997 to the present.  Defendants, however, should be able to provide, without undue burden, more specific information regarding their yearly gross sales of cigar and rum products by reference to Defendants' state or federal tax records.  Based on their knowledge of their own business, Defendants should arguably also be able to provide some estimate of the percentage of their sales attributable to the sale of Cohiba brand cigar and rum products versus the other products they sell.

In addition to the extent Defendants do not have all prior tax records for the years 1997 to 2006 in their possession, they should be able to obtain them from the state, the IRS or their accountants, or execute appropriate authorizations for Defendants to obtain the records from the state or IRS, and supplement their responses as necessary.  *See Wasley Products Inc. V. Bukalites,* Not Reported in F.Supp.2d, 2005 WL 4012803 (D.Conn) (holding that to the extent the defendants did not have copies of relevant tax returns in their possession, they were ordered to request them from the appropriate governmental entities or their accountants and provide them to plaintiffs as soon as received.)

The Court will therefore require Defendants to supplement their answer to Interrogatory No. 2 and provide more specific and reliable information regarding their past yearly sales of cigar and rum products and a reasonable estimate, if specific information is not otherwise available, regarding the percentage of their yearly sales attributable to Cohiba brand cigar and rum products.  To the extent that Defendants are not able to provide specific information, they should describe the efforts made by them to obtain the information and, to the extent they rely on estimates, the factual basis on which such estimates are made.

Plaintiff points out that Defendants have not properly invoked Rule 33(d) as an alternative basis for responding to the interrogatories.  This, of course, presumes Defendants have the records from which either party could derive or ascertain the answer to Interrogatory Nos. 4, 6 and 8. Again, because Defendants did not object to these interrogatories on grounds of burdensome or otherwise, the Court will order the Defendants to fully respond to Interrogatory Nos. 4, 6 and 8 to the extent they are in possession, custody or control of information from which they can prepare answers to these interrogatories.  Alternatively, Defendants are required to clearly specify, in their answers, the business records they have from which the information sought by Plaintiff can be ascertained or derived, and to

1  the extent such records exist (and have not been produced), they should be made available to Plaintiff to
2  examine, audit or inspect and to make copies, compilations, abstracts or summaries thereof.  The Court
3  further orders that Defendants set forth in sufficient detail the efforts they have made to provide the
4  requested information sought in Interrogatories 4, 6 and 8, and, if applicable, explain why fully
5  responsive answers cannot be provided.

**B. PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION NOS. 1, 2, 4-6, AND 8-11.**

Plaintiff's Motion seeks an order compelling Defendants to further respond to the following requests for production of documents:

**Request No. 1:** All documents concerning the packaging, sale, advertising, offer for sale, or distribution by Defendants of the COHIBA Caribbean's Finest products, or any other products bearing any or all of General Cigar's Trademarks.

**Request No. 2:** All documents concerning the manufacture of COHIBA Caribbean's Finest products.

**Request No. 4:** All documents concerning the manufacture of the COHIBA Caribbean's Finest labels for its products.

**Request No. 5:** All documents concerning the manufacture, bottling and labeling of COHIBA Caribbean's Finest Rum products.

**Request No. 6:** All documents concerning the importation of COHIBA Caribbean's Finest products, including but not limited to tobacco products into the United States.

**Request No. 8:** All documents concerning advertising or promotional materials in which the COHIBA Caribbean's Finest products are advertised, marketed or offered for sale.

**Request No. 9:** All electronic information including photographs and video concerning COHIBA Caribbean's Finest Cigars, rum or other products, including information contained on computers and mobile telephones.

**Request No. 10:** All documents concerning sales of the COHIBA Caribbean's Finest products by Defendants, including the identity and address of each customer, the amount of goods sold to each customer, invoices, purchase orders, bills of lading and the sale price.

**Request No. 11:** All documents concerning communications between and among Defendants concerning the use, manufacture, sale, advertising, offering for sale, or distribution by Defendants of the COHIBA Caribbean's Finest products.

. . .

1    As discussed above, Defendants responded to these and the other requests by initially producing
2 324 pages of documents, followed by a 25 page supplement.  Apparently, because Defendants'
3 document production did not contain materials responsive to many of the requests, Plaintiff took the
4 Rule 30(b)(6) deposition of Defendants' custodian of records, Mr. Restifo, on November 21, 2006.
5 During that deposition, Mr. Restifo testified that Defendants have or may have additional documents
6 responsive to the requests, and as these types of documents were identified, Plaintiff's counsel
7 requested that they be produced.  Defendants, however, did not produce additional documents until
8 February 28, 2007, after Plaintiff filed its Motion to Compel.  Additionally, at the hearing in this matter,
9 Defendants' counsel represented that his clients have additional documents which he needs to review
10 and potentially supplement Defendants' production.  Defendants' counsel indicated that he needs
11 approximately three weeks to complete this further review.
12    Plaintiff argues that the relatively small amount of documents produced by Defendants in
13 response to requests covering a ten year period is not credible.  In this regard, Plaintiff cites the
14 substantially larger productions made by Co-Defendants which cover a shorter time period.  At this
15 point, Defendants' explanation for its limited document production is the small nature of Defendants'
16 business operation and that Defendants do not maintain records for extended periods beyond their need
17 for business use.  In somewhat similar circumstances, the court in *A. Farber and Partners, Inc. v.*
18 *Garber*, 234 F.R.D. 186, 189 (D.C.D. Cal. 2006), ordered that defendant make a "reasonable inquiry"
19 to determine whether additional responsive documents were in the possession, custody and control of
20 the defendant and its agents, and to produce those documents.  The court further required defendant to
21 provide plaintiff with sworn declarations or affidavits detailing the nature of his "reasonable inquiry" to
22 locate responsive documents, and that such declarations must address the inquiry defendant made on a
23 request-by-request basis.  The court further stated that if defendant contends that he has produced all
24 documents responsive to a particular request, he must so state under oath.  Plaintiff's counsel indicated
25 in its motion and at the hearing that Plaintiff, at least initially, will be satisfied if Defendants produce all
26 remaining responsive documents in their possession, custody or control and provide a sworn declaration
27 by Defendants in accordance with *Farber*.
28 . . .

1    Accordingly, the Court will order that Defendants make a further reasonable inquiry to identify
2  and produce all additional documents in their possession, custody and control that are responsive to
3  Plaintiff's requests for production of documents and produce all such additional documents within 30
4  days of this Order.  In addition, Defendants shall provide Plaintiff with a sworn affidavit or declaration
5  detailing the nature of their "reasonable inquiry" to locate responsive documents made on a request-by-
6  request basis and stating that after having performed such inquiry, all responsive documents have been
7  produced.  Depending on Defendants' compliance with this Order, the Court reserves the option to
8  permit Plaintiff to conduct a further Rule 30(b)(6) deposition of Defendants and/or to require
9  Defendants to make all of its business records available for inspection by Plaintiff.

### C.    PLAINTIFF'S REQUEST FOR SANCTIONS.

Plaintiff requests that it be awarded sanctions pursuant to Fed.R.Civ.Pro. 37(a)(4)(A) for the attorney's fees and expenses it incurred in bringing the motion to compel.  Plaintiff also requests that Defendants be ordered to pay Plaintiff's attorney's fees and costs incurred in taking the Rule 30(b)(6) deposition of Defendants' custodian of records on November 21, 2006.  Plaintiff argues that Mr. Restifo was ill prepared for the deposition to identify additional documents and records and that it was a waste of time and effort due to his lack of preparation and inability to respond to Plaintiff's questions.

Rule 37(a)(4)(A) provides that if a motion to compel is granted or if the requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was made without the movant first making a good faith effort to obtain the discovery without court action, or that the opposing party's response was substantially justified, or that other circumstances make an award of expenses unjust.

The Court finds that Plaintiff is entitled to the award of its reasonable expenses, including attorney's fees, incurred in making its motion to compel. Based on the facts and circumstances discussed above, Defendants' answers to interrogatories and responses to request for production of documents were inadequate and required supplementation.  Plaintiff made substantial efforts following the Rule 30(b)(6) deposition on November 21, 2006 to obtain additional responsive documents

identified by Mr. Restifo during the deposition.  Plaintiff further granted additional time for Defendants to produce those documents and attempted both in writing and through telephone conferences with Defendants' counsel to resolve the dispute without court action.  As further evidence of the necessity for the motion, Defendants did not supplement their document production until after Plaintiff filed its motion to compel and, as of the date of the hearing, indicate that they have additional documents that may be responsive to the requests for production.  Additionally, Defendants did not respond to Plaintiff's request that they supplement their interrogatory answers prior to the filing of the motion.  Given the length of time between when Defendants served their discovery responses and when Plaintiff filed its motion to compel, and the efforts made by Plaintiff to resolve the dispute without court action, the Court cannot accept, as a justification or excuse for not providing the additional discovery, Defendants' counsel's statements that the pressure of other cases prevented him and Defendants from supplementing their responses.

The Court, however, will not award Plaintiff its attorney's fees and expenses incurred in taking the Rule 30(b )(6) deposition on November 21, 2006.  First, Plaintiff has not provided any information that prior to taking that deposition it notified Defendants that the deposition was being taken solely because of Defendants' failure to provide responsive discovery responses or that Defendants would seek recovery of their fees and costs if required to take the deposition.  Additionally, Defendants did not attach a copy of the Notice of Deposition to their motion, so that the Court could determine what Defendants were expected or required to do in compliance with the notice.

Secondly, although Mr. Restifo may not have been as fully or adequately prepared to discuss Defendants' records as he could have been, based on the Court's review of his deposition testimony, it appears that Mr. Restifo did, in fact, answer the questions posed to him, and identified responsive documents that exist or may exist.  Mr. Restifo also appeared to respond to Defendants' inquiries regarding Defendants' record keeping and retention practices.  Rather than Mr. Restifo's inadequate deposition testimony, the chief problem appears to have been Defendants' failure to supplement their discovery responses following the deposition, which is dealt with by an award of expenses incurred by Plaintiff in making the motion.  Accordingly,

. . .

**IT IS HEREBY ORDERED** that Plaintiff General Cigar Co., Inc.'s Motion to Compel Discovery Responses From Defendant Cohiba Caribbean's Finest Inc. and Data Commodities Ltd. (#141) is **granted.**

**IT IS FURTHER ORDERED** that Defendants are required to supplement their answers to interrogatories and responses to request for production of documents in accordance with this Order on or before April 30, 2007.

**IT IS FURTHER ORDERED** that Plaintiff is awarded its reasonable expenses, including attorney's fees, incurred in making the motion to compel.

1. Counsel for Plaintiffs shall, no later than 15 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motion addressed in this order. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

2. Counsel for Defendant shall have 15 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

3. Counsel for Plaintiffs shall have 11 days from service of the responsive memorandum in which to file a reply.

DATED this 30th day of March, 2007.

_____
GEORGE FOLEY, JR
U.S. MAGISTRATE JUDGE